United States District Court
Southern District of Texas
**ENTERED**
September 22, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RONALD DEROUEN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:20-CV-04237 |
| | § | |
| BRAZORIA COUNTY, | § | |
| | § | |
| Defendant. | § | |

# ORDER

On March 31, 2022, the court dismissed this case without prejudice for failure to provide a valid address pursuant to the Local Rules. Doc. No. 18 ("Opinion"); *see also* L.R. 83.4. A Final Judgment was entered the same day. Doc. No. 19. The Opinion provided that the court would reinstate the case if DeRouen provided a valid, current address and offered the factual allegations requested by the court's previous orders. *See* Doc. No. 18. He did not timely do so.

Instead, over *three and a half years later*, DeRouen filed a one-page motion for leave to amend with no proposed amended complaint. Doc. No. 26. About six months after that, he filed another motion for leave to amend (Doc. No. 27); an "Amended Complaint" filed without leave of court (Doc. No. 31); a motion for judicial notice (Doc. No. 32); a motion for summary judgment (Doc. No. 33); and a motion for a preliminary injunction (Doc. No. 36). His motions are wholly frivolous and are DENIED for the reasons that follow.

DeRouen's original complaint alleged various claims regarding the process, or lack of process, in his arraignment and prosecution while he was confined in the Brazoria Detention Center. *See* Doc. No. 1. Public records reflect that DeRouen is no longer in custody of Brazoria County and is in custody of the Texas Department of Criminal Justice, serving a 20-year sentence for robbery in Brazoria County cause number 90645-CR.

DeRouen's motions to amend are untimely and futile. Although a request for leave to amend is governed by Rule 15(a) of the Federal Rules of Civil Procedure, where a district court has dismissed an action and entered a final judgment, "a plaintiff may request leave to amend only by either appealing the judgment, or seeking to alter or reopen the judgment under [Rule 59(e) or 60(b) of the Federal Rules of Civil Procedure]." *Rosenzweig v. Azurix*, 332 F.3d 854, 864 (5th Cir. 2003) (citations omitted). Under Rule 15(a), the Court weighs the following considerations: "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, [and] futility of the amendment." *Id.* (quoting *Foman v. Davis*, 83 S. Ct. 227, 230 (1962)).

Plaintiff has not moved to alter or amend his complaint under either Federal Rule of Civil Procedure 59(e) or 60(b). A review of Plaintiff's "Amended Complaint" (Doc. No. 31), filed without leave of court, shows that his motions for leave to amend would be futile, because his civil rights claims seeking $1 million (among other things) regarding his allegedly unlawful conviction are barred by *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). *Heck* bars any cause of action under § 1983, regardless of the type of relief sought,

that would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the conviction has previously been invalidated through proper channels. *Id.; Kutzner v. Montgomery County,* 303 F.3d 339, 340 (5th Cir. 2002). Thus, before a plaintiff can pursue a claim for damages or injunctive relief arising from allegedly unlawful actions which, if proven, would also show the plaintiff's conviction or sentence to be invalid, the plaintiff must first show that his conviction or sentence has been reversed on appeal, expunged by executive order, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.*

DeRouen's claims are inextricably linked to the legality of his present sentence and confinement. The gravamen of his complaint is that Brazoria County violated his due process rights in connection with his arraignment and prosecution. His claims are barred by *Heck* unless or until he can show that his conviction has been invalidated. *See Powell v. Curry*, 328 F. App'x 940, 941 (5th Cir. May 15, 2009) (holding that the prisoner's suit claiming that officials conspired to obtain his conviction illegally was barred by *Heck*); *Burton v. City of Ridgeland, Miss.*, 209 F. App'x 424, 2006 WL 3625009 (5th Cir. Dec. 12, 2006) (holding that prisoner's claims that officials violated his constitutional rights to obtain his conviction were barred by *Heck*). Because DeRouen has not shown that his conviction has been overturned or invalidated through proper channels, his civil rights claims regarding that conviction are barred by *Heck.*

## III. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** that:

1. The pending motions to amend (Doc. Nos. 26 & 27) are **DENIED**.

2. The "Amended Complaint" (Doc. No. 31), filed without leave of court, is **STRICKEN** and has no force or effect in this case.

3. Plaintiff's other pending motions (Doc. Nos. 32, 33 & 36) are **DENIED as MOOT.**

4. All other pending motions, if any, are **DENIED as MOOT**.

The Clerk will send a copy of this Order to the parties.

SIGNED this 22nd day of September 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE